IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:16-CV-00025-F

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ROUSECO, INC., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Defendant Rouseco, Inc.'s Motion to Take Deposition of Scott Sanford [DE-17]. For the reasons stated below, the motion is DENIED.

## I. BACKGROUND

The United States seeks a monetary judgment on behalf of the United States Department of Agriculture ("USDA") against Rouseco, Inc. ("Rouseco") in satisfaction of unpaid assessments and penalties levied under the Fair and Equitable Tobacco Reform Act of 2004 ("FETRA").

In 2004, Congress enacted FETRA as Title VI of the American Jobs Creation Act of 2004, Pub. L. No. 108-357, §§ 601–43, 118 Stat. 1418, 1521–36 (codified at 7 U.S.C. §§ 518–519a), to transition tobacco farming from a quota-based system to a free market system. FETRA provided for annual payments to tobacco farmers between 2005 and 2014, funded by assessments levied against tobacco importers and manufacturers. 7 U.S.C. §§ 518a, 518b. The amount of these assessments was based on each manufacturer's market share within the tobacco industry. *Id.* § 518f. The USDA relied on manufacturers to self-report their transactions quarterly

via certified forms. *Id.* § 518d(h). If a manufacturer failed to file the required forms, USDA was authorized to use other sources of information to determine the assessment amount, including reports from the Alcohol and Tobacco Tax and Trade Bureau ("TTB") and to impose a penalty against the non-reporting entity. *Id.*; 26 U.S.C. § 6103(o)(1)(B)

The instant case is related to a 2011 case before this court. *See United States v. Rouseco, Inc.*, No. 4:11-CV-35-F, 2013 U.S. Dist. LEXIS 36759, at *11 (E.D.N.C. Mar. 18, 2013). In the Original Action, USDA alleged that Rouseco had failed to pay required assessments since June 2007, and failed to submit required reports for fiscal years 2008 through 2011. As a result, USDA imposed penatlies against Rouseco, which the company also did not pay. Rouseco argued that the administrative record at that time lacked sufficient information showing how USDA calculated its assessments and penalties, and specifically that USDA failed to consider reports that had been filed belatedly by Rouseco. The court remanded the Original Action for further proceedings by the USDA, finding that the administrative record was insufficient for the court to conclude "that the actions of the USDA are rationally based on the statutory directives of FETRA." *Id.* at *11. Specifically, the court ordered that the matter be "remanded to the agency for further proceedings, at which time all information included in FETRA mandated reports, even if belatedly filed, shall be considered, as well as any other information allowed by FETRA." *Id.* at *12.

In the instant case, the United States again seeks to collect the assessments and penalties that were the subject of the Original Action, as well as assessments and interest accrued in the interim, and Rouseco again argues that the administrative record is incomplete. Rouseco seeks permission to conduct a deposition of Scott Sanford, former Director of Fibers, Peanuts and Tobacco Analysis for the USDA.

2

## II. LEGAL STANDARD

Generally, the court confines its review of an agency decision to the administrative record. *Fort Sumter Tours, Inc. v. Babbitt*, 66 F.3d 1324, 1335–36 (4th Cir. 1995). The court may expand the record in certain circumstances, however, including cases in which: "(1) supplementation is necessary to determine if the agency has considered all factors and explained its decision; (2) the agency relied on documents not in the record; (3) supplementation is needed to explain technical terms or complex subjects; or (4) plaintiffs have shown bad faith on the part of the agency." *Fence Creek Cattle Co. v. U.S. Forest Serv.*, 602 F.3d 1125, 1131 (9th Cir. 2010).

## III. DISCUSSION

Rouseco argues that a deposition of Mr. Sanford is necessary to explain how USDA calculated the assessments and penalties, and to determine whether USDA complied with the court's order in the Original Action. Specifically, Rouseco identifies the following deficiencies in the administrative record:

> there was no information concerning how the USDA calculated the assessments it contended are owed by Rouseco during periods covered in the Original Action and subject to the Order and/or whether the USDA followed the Memorandum and Order and considered the "belatedly" filed reports. The Administrative Record did not divulge why the penalty amounts represented by Mr. Sanford in April 30, 2014 were different than the amount sought in this action. The Administrative Record also was void of any information concerning whether the USDA reassessed other manufacturers based on the information submitted by Rouseco.

Def.'s Mem. Supp. [DE-18] at 6. A review of the administrative record reveals, however, that each of Rouseco's purported unanswered questions are addressed therein. Included in the administrative record is a lengthy letter from Mr. Sanford to Rouseco's counsel, explaining how USDA calculated the assessments and penalties at issue. RO-AR-000256–271. The letter

3

explains: (1) how Rouseco's assessments were calculated, *id.* at 262–63; (2) the reason for the changed penalty amount, *id.* at 266–67; and (3) USDA's position that the court's March 18, 2013 Order did not require it to recalculate Rouseco's assessments, *id.* at 258–59. In a separate letter, Mr. Sanford clearly states that USDA did not recalculate other manufacturers' assessments in response to the court's order in the Original Action. *Id.* at 358–59. The related questions of whether the United States has complied with the court's March 18, 2013 Order and whether the administrative record now supports the disputed assessments and penalties are better addressed on summary judgment. In any event, deposition testimony is unlikely to aid the court in these inquiries. Because the administrative record is not deficient in the ways Rouseco alleges, further discovery on those issues would be both unnecessary and inappropriate.[1]

## IV. CONCLUSION

For the foregoing reasons, Rouseco, Inc.'s Motion to Take Deposition of Scott Sanford [DE-17] is DENIED.

SO ORDERED.

This the __3__ day of January, 2017.

JAMES C. FOX
Senior United States District Judge

---

[1] On December 22, 2016, Rouseco filed Supplemental Support for Defendant's Motion to Take Deposition of Scott Sanford, which the court construes as a Reply regarding the instant motion. [DE-28]. This district's local rules do not allow replies in discovery disputes, *see* Local Civil Rule 7.1(g)(2), and Rouseco did not seek the court's permission to file the document. Accordingly, the court declines to consider the arguments contained therein.

4